**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:12-CR-200 |
| WILLIAM BRYAN BENNETT, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 16, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Stevan Buys.

William Bryan Bennett was sentenced on September 12, 2013, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than ten years. The guideline imprisonment range, based on a total offense level of 18 and a criminal history category of V, was 51 to 63 months. William Bryan Bennett was subsequently sentenced to 63 months imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include access to any requested financial information and participate in a program of testing and treatment for drug abuse. On June 23, 2017, William Bryan Bennett completed his period of imprisonment and began service of the supervision term. On January 29, 2019, this case was reassigned to The Honorable

Amos L. Mazzant, U.S. District Judge for the Eastern District of Texas. On March 31, 2020, this case was further reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas.

On August 6, 2019, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 72, Sealed]. The Petition asserted that Defendant violated three (3) conditions of supervision, as follows: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (3) the defendant must reside in a Residential Reentry Center or similar facility, in a community corrections component, for a period of 180 days to commence immediately. The defendant shall abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prison's guidelines.

The Petition alleges that Defendant committed the following acts: (1) On July 18, 2019, the defendant was arrested by an officer with the Winnsboro Police Department for Failing to Identify Giving False/Fictitious Information; (2) The defendant submitted urine samples that tested positive for methamphetamine on September 18, 2018; December 18, 2018; March 13, 2019; March 20, 2019 and April 3, 2019; and (3) On July 17, 2019, the defendant absconded from the residential reentry center.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 1 and 3 of the Petition. The Government dismissed allegation 2. Having considered the Petition and the plea of true to allegations 1 and 3, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, to include the unserved community confinement time of one-hundred-and-thirty-two (132) days, with a term of supervised release of six (6) months to follow.

The Court further recommends the imposition of the standard conditions adopted by the Court and the re-imposition of special conditions originally imposed by the Court: (1) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (2) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (3) You must take all mental health medications that are prescribed by your treating physician.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in El Reno, if appropriate.   **SIGNED this 7th day of July, 2020.**

REPORT AND RECOMMENDATION – Page 3

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE